UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL NO. 1:14-CV-94-GNS-HBB

JEFFERY L. PETERS                                                                                              PETITIONER

v.

JOSEPH MEKO, WARDEN                                                                                   RESPONDENT

### MEMORANDUM OPINION AND ORDER

The Court considers Magistrate Judge Brennenstuhl's Findings of Fact, Conclusions of Law and Recommendation ("R&R") (Findings of Fact, Conclusions of Law and Recommendation, DN 17 [hereinafter "R&R"]) as to Petitioner Jeffery L. Peters' Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Pet. for a Writ of Habeas Corpus under 28 U.S.C. § 2241, DN 1 [hereinafter Pet.]), and Respondent's Objection to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (Resp't's Objection to the Magistrate Judge's R&R, DN 18 [hereinafter Objection]). For the following reasons, the Court **ADOPTS** Magistrate Judge Brennenstuhl's R&R (DN 17), **OVERRULES** Respondent's Objection (DN 18), and **DENIES** Petitioner's Petition for habeas relief (DN 1).

### I.      BACKGROUND

On February 12, 2009, Peters entered a plea of guilty in Warren Circuit Court to the charge of murder-domestic violence. (R&R 2). On March 16, 2009, the Warren Circuit Court sentenced Peters to 30 years in prison. (R&R 2). While Peters did not pursue a direct appeal, he did pursue habeas relief under Kentucky Rule of Criminal Procedure 11.42 ("Rule 11.42"). (R&R 2). He asserted four claims of ineffective assistance of counsel, and appointed counsel

filed a supplemental pleading adding a fifth claim. (R&R 2). The Warren Circuit Court conducted an evidentiary hearing and ultimately denied Peters' Rule 11.42 motion. (R&R 3). Peters appealed the order denying his Rule 11.42 motion to the Kentucky Court of Appeals. (R&R 3-4). The Kentucky Court of Appeals noted that Peters raised only one claim on appeal, specifically his ineffective assistance of counsel claim that counsel failed to advise him of the possibility of an extreme emotional disturbance ("EED") defense. (R&R 4). The Kentucky Court of Appeals denied Peters' Rule 11.42 appeal on the same grounds that the Warren Circuit Court used to deny the Rule 11.42 motion. (R&R 4).

On July 21, 2014, Peters filed his petition for a writ of habeas corpus. In his Petition, Peters raised three grounds for relief: (1) ineffective assistance of counsel because counsel neglected to advise him of the possibility of an EED defense; (2) ineffective assistance of counsel due to counsel's failure to seek suppression of Peters' statements to police on April 12, 2006; and (3) ineffective assistance due to counsel's failure to conduct an adequate investigation. (R&R 4, 6-7, 10). On February 19, 2015, Magistrate Judge Brennenstuhl entered his R&R recommending that Peters' Petition be denied and that a Certificate of Appealability also be denied. (R&R 18). Peters has not filed objections to Magistrate Judge Brennenstuhl's R&R, but Respondent has. (Objection).

## II.     JURISDICTION

This Court has jurisdiction to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" pursuant to 28 U.S.C. § 2254.

### III. STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act, Pub L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), applies to all habeas corpus petitions filed after April 24, 1996, and requires "heightened respect" for legal and factual determinations made by state courts. *See Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). Section 2254(d), as amended by AEDPA, provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

This is a "difficult to meet and highly deferential standard . . . ." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1399 (2011) (citation omitted) (internal quotation marks omitted). All findings of fact by the state court are presumed to be correct and can be rebutted only by "clear and convincing evidence." *Mitchell v. Mason*, 325 F.3d 732, 737-38 (6th Cir. 2003) (citing 28 U.S.C. § 2254(e)(1)). Legal conclusions made by state courts are also given substantial deference under AEDPA. The Supreme Court has recently reiterated that "a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents." *Nevada v. Jackson*, 133 S. Ct. 1990, 1992 (2013) (per curiam) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)) (internal quotation marks omitted).

## IV. DISCUSSION

While Respondent does not object to the Magistrate Judge Brennenstuhl's ultimate recommendations, it objects solely to the analysis of Peters' two claims that were not raised to the Kentucky Court of Appeals. (Objection 1).

Unless "there is an absence of available State corrective process; [] or circumstances exist that render such a process ineffective to protect the rights of the applicant," a federal court may not grant a state petitioner habeas relief when he presents unexhausted claims. 28 U.S.C. § 2254(b)(1). To satisfy the exhaustion requirement, a habeas petitioner must fairly present the substance of his federal claims to the state court. *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). "If a prisoner fails to present his claims to the state courts and he is now barred from pursuing relief there, his petition should not be dismissed for lack of exhaustion because there are simply no remedies available for him to exhaust." *Hannah v. Conley*, 49 F.3d 1193, 1195-96 (6th Cir. 1995). In this instance, a petitioner's claims are procedurally defaulted and "the prisoner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in state courts and actual prejudice to his defense at trial or on appeal." *Id.* at 1196.

In *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), the Supreme Court held that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 1320 (citation omitted). In *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), the Supreme Court held that "where . . . state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a

meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal, our holding in *Martinez* applies . . . ." *Id.* at 1921.

Magistrate Judge Brennenstuhl analyzed Kentucky's procedural framework in regard to the claims of ineffective assistance of counsel at trial and concluded that *Trevino* applied to Kentucky. (R&R 11-13). Applying *Martinez* and *Trevino*, Magistrate Judge Brennenstuhl noted that Peters still needed to show that his ineffective assistance of counsel claims were substantial and that appointed counsel in the Rule 11.42 proceedings was ineffective under the standards enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984), in order to avoid procedural default of his two unexhausted claims. (R&R 13). Magistrate Judge Brennenstuhl concluded that one claim was barred by the holding in *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), and that Peters did not show deficient performance on the part of counsel as to the other. (R&R 14, 17). Magistrate Judge Brennenstuhl thus concluded that Peters did not establish that his claims were substantial, and therefore he could not avoid procedural default of his two unexhausted claims. (R&R 14, 17-18).

Respondent objects only to Magistrate Judge Brennenstuhl's application of *Martinez* and *Trevino* to Kentucky's procedural framework for ineffective assistance of trial counsel claims. (Objection 3). The Sixth Circuit recently ruled on this very issue in *Woolbright v. Crews*, No. 13-6115, 2015 WL 3939382 (6th Cir. June 29, 2015). In *Woolbright*, the Sixth Circuit held that: "The *Martinez/Trevino* exception applies in Kentucky and thus Kentucky prisoners can, under certain circumstances, establish cause for a procedural default of their [ineffective-assistance-of-trial-counsel] claims by showing that they lacked effective assistance of counsel at their initial-review collateral proceedings." *Id.* at *7. Because the R&R is consistent with the holding in *Woolbright*, Respondent's Objection must be overruled.

## V. CONCLUSION

For the reasons listed above, **IT IS HEREBY ORDERED** as follows:

1. Respondent's Objection to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 18) is **OVERRULED**;

2. Magistrate Judge Brennenstuhl's Findings of Fact, Conclusions of Law and Recommendation (DN 17) are **ADOPTED** as and for the opinion of this Court;

3. Petitioner's Petition for Habeas Relief (DN 1) is **DISMISSED WITH PREJUDICE**; and

4. The issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
July 8, 2015

cc: counsel of record
Petitioner, *pro se*